#### IN THE

## SUPREME COURT

#### OF THE

## STATE OF LOUISIANA.

EASTERN DISTRICT, FEBRUARY TERM, 1825.

DEBUYS
*vs.*
MOLLERE.

Parol evidence may be received of the endorser's promise, after protest, to pay the note.

## *DEBUYS* vs. *MOLLERE.*

APPEAL from the court of the second district.

MATHEWS, J. delivered the opinion of the court. In this suit the plaintiff claims from the defendant $302 11. The petition contains two counts, one on a negociable note, charging the defendant as endorser, to the amount of $160: the other on an account stated amounting to $142 11. The cause was submitted to a jury, in the district court, who found for the plaintiff, only on the latter count; and judgment being accordingly rendered, he appealed.

The declaration on the note is in the ordi-
nary form, on which the plaintiff seems to have
failed to prove actual notice duly given to
the endorser, of the refusal of the maker of the
note to pay; but he relies on a subsequent pro-
mise made by the defendant. The record
contains three bills of exceptions. One in rela-
tion to the summoning of the jury. The ques-
tion arising out of this exception has been al-
ready settled by a decision of this court, favor-
ably to the plaintiff's pretentions and needs no
further discussion.

Another, to the admission of parol evidence, to
prove the subsequent promise on the existing
pleadings of the cause. And a third, to an
opinion of the judge *a quo* expressed to the
jury.

We are of opinion that there is no error in
allowing the testimony, to go to the jury, by
which a promise, by the endorser to pay, made
subsequent to the protest, was proven. The
judgment to be rendered in the case depends
on his liability as such; and not exclusively on
the subsequent promise.

Whether the judge did or did not err, in his
charge to the jury, it is unnecessary to deter-
mine, because the whole cause is now fairly

East'n. District.
*Feb.* 1825.

Debuys
*vs.*
Mollere.

before this court, and final judgment may be rendered according to its merits.

The evidence in the case shews that the defendant, subsequent to the protest of the note, agreed to secure to the plaintiff the amount specified in it by a mortgage on his property, which for some cause or other was not executed. This agreement is equivalent to a promise to pay; and it only remains to ascertain the legal effect of such a promise. The appellee must have known whether he was duly notified of the protest. If he were not, by promising to pay, he waved the advantage which such negligence would otherwise have given. But the promise itself is *prima facie* evidence of due notice; thus, if he did not receive regular notice, he is liable under his subsequent promise; and if such promise afford evidence of proper notice, he is then most clearly bound by his endorsement, because he never was in a situation to be discharged from the liability which it created. See *Chitty on bills, Am. ed.* 1821, *p.* 303, 304 & 305, and the authorities there referred to.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

be avoided, reversed and annulled; and it is further ordered, adjudged and decreed, that the plaintiff and appellant do recover from the defendant and appellee, the sum of $302 11, with legal interest from the judicial demand, and costs in both courts.

*Carleton & Lockett* for the plaintiff, *Nichols* for the defendant.